ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: rcaldwell@klnevada.com
jblum@klnevada.com

*Attorneys for Defendants, Counterclaimants, and Crossclaimants, Philip Brewer and Summer Bay Resorts Crown Club, LLC; and Plaintiff in Intervention Summer Bay Sales and Marketing, L.C.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BLUE MOON MARKETING, LLC., | CASE NO. 2:13-cv-2238-JAD-GWF |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| SCOTT MATTHEWS, an individual; TRAVEL EXCURSION NETWORK, LLC, a Florida limited-liability company; 4 STAR HOLDINGS, LLC, a Florida Limited Liability Company; ALLAN R. LEFFLER, an individual; TRACY L. LEFFLER, an individual; PRESTIGE TRAVEL SYSTEMS, INC., a Florida corporation; RON LASCALA, an individual; SUMMER BAY RESORTS CROWN CLUB, LLC, a Florida limited liability company; PHILLIP BREWER, an individual; WESTGATE RESORTS, LTD., a Florida limited partnership; WESTGATE RESORTS, L.L.C., a Florida limited-liability company; WESTGATE RESORTS, INC., a Florida corporation; RW ADVERTISING, INC., an Illinois corporation; REVENUE FRONTIER, LLC, a California foreign limited-liability company; CALL SERVICES INTERNATIONAL, LLC, a Florida Limited | |

1609255 (8989-2)                                 Page 1 of 7

| | |
|---|---|
| 1 | Liability Company; and DOES 1-10, inclusive, |
| 2 | Defendants. |
| 3 | SUMMER BAY SALES AND MARKETING, LC, a Florida limited liability company, |
| 4 | |
| 5 | Intervenor, |
| 6 | vs. |
| 7 | BLUE MOON MARKETING, LLC; SCOTT R. MATTHEWS, an individual; TRAVEL SHOPPING NETWORK, LLC; BRIAN MACGREGOR, an individual, |
| 8 | |
| 9 | Defendants. |
| 10 | AND RELATED CLAIMS |

11  IT is STIPULATED AND AGREED by and between the parties, acting through their
12  counsel, pursuant to FRCP 26(c) and LR 16.1-4. as follows:

13  1.  Disclosure and discovery activity in this action are likely to involve production of
14  confidential, proprietary or private information for which special protection from public
15  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.
16  Accordingly, the parties hereby stipulate to and petition the Court to enter the following
17  Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket
18  protections on all disclosures or responses to discovery and that the protection it affords from
19  public disclosure and use extends only to the limited information or items that are entitled to
20  confidential treatment under the applicable legal principles.

21  2.  The parties may designate as confidential any document or evidence produced in
22  discovery which relates in any manner to non-public information that a party alleges is
23  confidential, private, proprietary or trade secret material.  Such designation shall occur by
24  stamping "CONFIDENTIAL" to each page that contains protected material.

25  3.  Documents designated confidential pursuant to paragraph 1 may be distributed
26  only to (a) a party or counsel of record for the parties and by them to their staffs; (b) deponents
27  during the course of their depositions; (c) deposition notaries and their staff; (d) a party's
28  retained experts; and, (e) professional vendors i.e. persons or entities that provide litigation

support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4. Documents designated confidential pursuant to paragraph 2 and disclosed to persons described in paragraph 3 shall be treated by them as confidential, for use solely in this lawsuit. Such documents, or the contents thereof, shall not be disclosed to anyone to whom access to such documents is not permitted under paragraph 3. Documents designated confidential may be used by them solely in this litigation, and for not for any other purpose.

5. No copies of documents designated confidential shall be made except by a party's counsel of record. Any counsel making or causing to be made copies of confidential documents shall maintain all copies within his/her possession or within the possession of those entitled to access to confidential documents under paragraph 3.

6. Prior to dissemination of documents designated confidential or the contents thereof to a person described in paragraph 3, that person shall:

(i) Be advised by counsel making such dissemination of the terms of this Stipulation and Protective Order;

(ii) Read this Stipulation and Protective Order; and

(iii) Sign the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A thereby becoming subject to this Stipulation and Protective Order.

7. Any brief, memorandum, or other document submitted to the Court by a party that discloses information contained in a confidential document shall be filed under seal, unless otherwise ordered by the Court.

8. To the extent that documents designated confidential are used as deposition exhibits or are referred to in the course of depositions, that portion of the transcript of such depositions shall be treated as confidential and shall be filed under seal.

9. If any party intends to offer into evidence or otherwise disclose in open court any document designated confidential, counsel for the proponent shall give reasonable notice of such intention to the party that designated the document as confidential, who may take such steps as

are reasonably necessary and approved by the Court to preserve the confidentiality of such document.

10. The inadvertent production by any party in the course of discovery of a document subject to a claim of attorney client privilege, work product, or other statutory or court-ordered confidentiality, will not result in a waiver of any of the foregoing protections in these or any other proceedings, for the produced document.

CHALLENGING CONFIDENTIALITY DESIGNATIONS

11. Timing of Challenges. Any party may challenge a designation of confidentiality at any time.

12. Meet and Confer. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly

13. Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality or the challenging party may file a motion challenging a confidentiality designation. All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

FINAL DISPOSITION

14. At the final disposition of this action, counsel has the option to return to the producing party or destroy any and all copies of confidential documents, notes, extracts, summaries, and other materials that contain information derived from documents designated confidential, except as required to be maintained under the lawyer's ethical duties. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

///

///

limits for filing any motions or applications for extension of time pursuant to applicable law.

DATED this 26 day of March, 2014.       DATED this 26th day of March, 2014.

**KOLESAR & LEATHAM**

By: /s/ Robert J. Caldwell                                By: /s/ Mark S. Braun, Esq.
   ROBERT J. CALDWELL, ESQ.                     MARK S. BRAUN, ESQ.
   Nevada Bar No. 007637                         Nevada Bar No. 002132
   JONATHAN D. BLUM, ESQ.                        1600 S. Valley View Blvd., #2132
   400 South Rampart Boulevard,                  Las Vegas, Nevada 89102
   Suite 400
   Las Vegas, Nevada 89145                       *Attorneys for Plaintiff*
                                                 *Blue Moon Marketing, LLC*
*Attorneys for Defendants,*
*Counterclaimants, and*
*Crossclaimants, Philip Brewer and*
*Summer Bay Resorts Crown Club,*
*LLC; and Plaintiff in Intervention*
*Summer Bay Sales and Marketing,*
*L.C.*

DATED this 26th day of March, 2014.

**LAW OFFICES OF CLYDE DEWITT**


By: /s/ Clyde DeWitt, Esq.
   CLYDE DEWITT, ESQ.
   Nevada Bar No. 009791
   2300 West Sahara Avenue. Suite 800
   Las Vegas, Nevada 89102-4397

*Attorneys for Defendants Scott R.*
*Matthews, Travel Excursion Network,*
*LLC, 4 Star Holdings LLC, Allan R.*
*Leffler, Tracy L. Leffler, Prestige Travel*
*Systems, Inc., Ron LaScala, RW*
*Advertising, Inc. and Call Services*
*International LLC and counterclaimants*
*Scott R. Matthews and Travel Shopping*
*Network, LLC*

**IT IS SO ORDERED**

DATED this 27th day of March, 2014.

/s/ George Foley Jr.
GEORGE FOLEY, JR.
United States Magistrate Judge

Submitted by:

**KOLESAR & LEATHAM**

By: _____
ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

*Attorneys for Defendants, Counterclaimants, and Crossclaimants, Philip Brewer and Summer Bay Resorts Crown Club, LLC; and Plaintiff in Intervention Summer Bay Sales and Marketing, L.C.*

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protected Order that was issued by the United States District Court for the District of Nevada on _____, 2014, in the case of *Blue Moon et al. v. Scott Matthews et al.*, United States District Court, District of Nevada, CASE NO. 2:13-cv-2238-JAD-GW.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed: _____

Signature: _____

Printed name: _____